CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 11 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| THOMAS W. LOVEGROVE, | ) Civil Action No. |
| Plaintiff, | ) 7:17cv00013 |
| v. | ) |
| NEW PENN FINANCIAL, LLC, dba SHELLPOINT MORTGAGE SERVICING, | ) |
| Defendant. | ) |

CLASS ACTION COMPLAINT

COMES NOW Thomas W. Lovegrove, personally, and on behalf of a class of consumers similarly situated to him, who moves this Court to grant him judgment for the reasons stated herein.

JURISDICTION

1. This Court has jurisdiction pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d).

PARTIES

2. Plaintiff Thomas W. Lovegrove (Lovegrove) is a citizen of Virginia.

3. Lovegrove is a consumer within the meaning of the FDCPA, as defined in 15 U.S.C. § 1692a(3).

4. Defendant New Penn Financial, LLC, does business as Shellpoint Mortgage Financing ("Shellpoint") is a Delaware limited liability company which regularly conducts business as a mortgage servicer in this judicial district.

5. The principal purpose of Shellpoint's business is the

1

collection of debts for its clients, creditors to whom debts are allegedly owed by consumers.

6. Shellpoint regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

7. Shellpoint became the servicer of the plaintiff's mortgage at a time after the mortgage was in default, and at a time when the mortgage was in default.

8. Shellpoint uses one or more instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

### 1. Facts Regarding Lovegrove.

9. Shellpoint sent to Lovegrove the "Validation of Debt Notice" attached as Exhibit A, on January 13, 2016. It was received by Lovegrove on or about January 18, 2016.

10. Prior to being sent the notice by Shellpoint, Lovegrove's personal liability for the mortgage loan had been discharged in bankruptcy, but not reaffirmed.

### 2. Facts Regarding Shellpoint's Regular Practices.

11. Shellpoint regularly sends to its mortgage servicing customers a "Validation of Debt Notice," of the type sent to Lovegrove on January 13, 2016.

12. Shellpoint regularly sends a copy of the "Validation of Debt Notice," on the same form letter as the form sent to Lovegrove,

to each and every mortgage servicing customer: (1) for whose mortgage account Shellpoint assumed servicing responsibility after the mortgage account was in default; and (2) whose personal liability for the mortgage loan had been discharged in bankruptcy, but not reaffirmed.

ALLEGATIONS REGARDING THE PROPOSED CLASS ACTION

13. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lovegrove brings this action for himself and on behalf of a class initially defined as:

### The Class

(a) All persons, nationwide, to whom Shellpoint sent, within the one year preceding the filing of this Complaint, a "Validation of Debt Notice" in the same form as the notice sent to Lovegrove,

(b) Whose mortgage was already in default when Shellpoint first became servicer of their mortgage, and

(c) Whose personal liability for the mortgage loan had been discharged in bankruptcy, but not reaffirmed.

14. *Numerosity, Fed. R. Civ. P. 23(a)(1).* Upon information and belief, the class members are so numerous that joinder of all class members individually is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Shellpoint and the class members may be notified of the pendency of this action by published and/or mailed notice.

15. *Predominance of Common Questions of Law and Fact, Fed. R. Civ. P. 23(a)(2).* Common questions of law and fact exist as to

3

all members of the putative class. These questions predominate over the questions affecting only individual class members. The principal issues are:

    (a)    Whether Shellpoint is a debt collector;

    (b)    Whether Shellpoint mailed a "Validation of Debt Notice" to Lovegrove and the class members;

    (c)    Whether the "Validation of Debt Notice" would have misled the least sophisticated consumer who received the Notice into believing that he owed a mortgage debt.

16. *Typicality, Fed. R. Civ. P. 23(a)(3).* Lovegrove's claims are typical of the claims of each putative class member. In addition, Lovegrove is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

17. *Adequacy of Representation, Fed. R. Civ. P. 23(a)(4).* Lovegrove is an adequate representative of the putative class, because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he has and intends to continue to prosecute the action vigorously. Lovegrove and his counsel will fairly and adequately protect the interests of the members of the Class. Neither Lovegrove nor his counsel have any interests which might cause him not to vigorously pursue this action.

18. *Superiority, Fed. R. Civ. P. 23(b)(3).* Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior

4

to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove too burdensome and expensive for individual class members to litigate, which would allow Brock & Scott to continue to violate the law with impunity. It would be virtually impossible for members of the class individually to effectively redress the wrongs done to them. Even if the members of the class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in this case.

19. *Injunctive Relief Appropriate for the Class, Fed. R. Civ. P. 23(b)(2).* Class certification is appropriate because Shellpoint has acted on grounds generally applicable to the Class, making appropriate the grant of equitable injunctive relief with respect to Lovegrove and the class members.

## COUNT ONE

### (VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e)

(By Lovegrove, Personally, and in his capacity as representative of the Class)

20. Plaintiff incorporates the allegations of paragraphs 1-19 herein.

21. The form "Validation of Debt Notice" was an attempt to collect a debt because it states that: "Please be advised that the purpose of this notice is to collect a debt owed by you to Bank of America, N.A."

22. The "Validation of Debt Notice" sent to Lovegrove would have misled the least sophisticated consumer into believing that Lovegrove still owed a debt to such person's original creditor, even after having received a discharge in bankruptcy.

23. Accordingly, Shellpoint violated 15 U.S.C. § 1692e by attempting to collect a debt from Lovegrove, and each member of the class, through misleading means.

24. WHEREFORE Shellpoint Lovegrove, individually, and as class representative, is entitled to judgment against Shellpoint, is entitled to an injunction against Shellpoint, permanently enjoining Shellpoint from violating 15 U.S.C. § 1692e by sending the "Validation of Debt Notice" in the offending form, is entitled to an award of statutory damages in the amount of $1000.00 for himself and for each class member and an award of his reasonable attorney fees and costs, pursuant to 15 U.S.C. § 1692k.

COUNT TWO

(VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g)

(By Lovegrove, Personally, and in his capacity as representative of the Class)

25. Plaintiff incorporates the allegations of paragraphs 1-19 herein.

26. The form "Validation of Debt Notice" falsely stated the

6

amount of the debt owed by Lovegrove, and each member of the Class, to such person's original creditor.

27. The "Validation of Debt Notice" sent to Lovegrove would have misinformed the least sophisticated consumer into believing that such person still owed a debt to such persons' original creditor, even after having received a discharge in bankruptcy.

28. Accordingly, Shellpoint violated 15 U.S.C. § 1692g(a)(1), which required Shellpoint to send a written notice containing the accurate amount of the debt owed to Lovegrove, and each member of the class.

29. WHEREFORE Shellpoint Lovegrove, individually, and as class representative, is entitled to judgment against Shellpoint, is entitled to an injunction against Shellpoint, permanently enjoining Shellpoint from violating 15 U.S.C. § 1692g(a)(1) by stating to persons whose mortgage debt has been discharged in bankruptcy that such persons still owe a mortgage debt, is entitled to an award of statutory damages in the amount of $1000.00 for himself and for each class member and an award of his reasonable attorney fees and costs, pursuant to 15 U.S.C. § 1692k.

### JURY TRIAL

The Plaintiff demands trial by jury.

Respectfully Submitted,

THOMAS W. LOVEGROVE

By: /s/ Gary M. Bowman

Gary M. Bowman, Esq.
VSB No. 28866
2728 Colonial Ave., Ste. 100
Roanoke, Virginia 24015
Tel: (540) 343-1173
Fax: (540) 343-1157